SUCCESSION OF J. H. POOL—Opposition to Account and Tableau.

The appraisement of notes and accounts in the inventory of the effects of a succession, is required by law.

An administrator is not bound to attempt the collection of *bad debts*.

Where notes and accounts due the succession are numerous and small in amount, and constitute, as it were, a mass of *bad debts*, the discretion of the Judge of Probate in ordering their sale at public auction, will be considered as legally and properly exercised.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *McGuire & Ray*, for plaintiff. *S. G. Parsons* and *J. P. Ludeling*, for opponents and appellants.

LAND, J. *John B. Stewart*, whose rights to certain real estate inventoried as the property of the succession of the deceased, were recognized in the suit of himself against *Daniel Newton*, administrator of the estate of *J. H. Pool*, reported in 12 An. 622, filed an opposition to the account and statement of debts presented to the court by the administrator, for homologation, and obtained a judgment amending the same, in several particulars, but being dissatisfied with the decree, has appealed.

He offered no evidence in support of the grounds of his opposition, whereon the burden of proof was upon himself, and the amendment to the account and tableau, were in consequence of the failure of proof on the part of the administrator, in those particulars wherein the opposition imposed on him the *onus probandi.*

He appeals, however, on a question of law, and asks a reversal of the judgment on this ground : It appears that a large number of small accounts and notes were due the deceased, and which were inventoried in a very large majority of instances, as *valueless*, or *bad debts* ; and that the administrator, on the order of the court, caused them to be advertised and sold for the purposes of the payment of the debts and settlement of the succession.

The opponent contends that the notes and accounts due the succession, should not have been appraised in the inventory ; that the administrator should have proceeded to collect them in the course of administration, and that the sale of them, under the order of court, was illegal and void, and did not relieve him from his obligations to collect and account for the same.

The appraisement or estimation of the notes and accounts in the inventory, was not only proper in itself, but seems to be required by law, in order to ascertain the amount of bond to be given by the administrator.

Article 1041 of the Civil Code, provides : That " the security to be given by every administrator thus named, shall be one-fourth beyond the estimated value of the movables and immovables, and of the credits comprised in the inventory, *exclusive of bad debts*. By bad debts are understood, those which have been prescribed against, and those due by bankrupts who have surrendered no property to be divided among their creditors."

It is not the duty of an administrator to attempt the collection of debts of the character above mentioned, and thereby incur, as he necessarily would do, costs and attorney's fees without any benefit to the creditors or heirs of the succession.

In a case like the present, wherein the notes and accounts due the deceased, are

numerous and small in amounts, and constitute, as it were, a mass of bad debts, the discretion of the Judge of Probate, in ordering their sale at public auction, will be considered legally and properly exercised.

*G. C. Martin* also filed opposition to the account and tableau, on similar grounds, but as he is before this court as appellee, and has not answered the appeal and prayed for an amendment of the judgment, it is unnecessary to consider his opposition asking to be placed as a creditor on the tableau of distribution.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.